UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY LUNA                                              CIVIL ACTION

versus                                                   NO. 03-3237
                                                         c/w NO. 04-1453

BURL CAIN, WARDEN                                        SECTION: "F" (1)

REPORT AND RECOMMENDATION

In 1997, petitioner, Johnny Luna, a state prisoner incarcerated at the Louisiana State Penitentiary, was convicted of two counts of forcible rape under Louisiana law, and he was subsequently sentenced on each conviction to a consecutive term of eighty years imprisonment. In 2000, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences,[1] and the Louisiana Supreme Court then denied his related writ application in 2001.[2] His efforts to obtain post-conviction relief in the state courts met with no success.

In 2003, petitioner sought federal *habeas corpus* relief in the instant proceedings. On October 24, 2006, United States Magistrate Judge Louis Moore, Jr., issued a report recommending that petitioner's federal claims be denied.[3] On November 27, 2006, United States District Judge Peter Beer adopted that recommendation and denied the federal application with

---

[1] State v. Luna, 772 So.2d 249 (La. App. 5th Cir. 2000).

[2] State v. Luna, 799 So.2d 495 (La. 2001).

[3] Rec. Doc. 48.

prejudice.[4] Petitioner appealed; however, on November 6, 2007, the United States Fifth Circuit Court of Appeal denied him a certificate of appealability.[5] The United States Supreme Court then denied his related petition for a writ of certiorari on March 31, 2008.[6]

In 2013, petitioner filed the instant motions for relief from judgment and summary judgment.[7] The state opposes the granting of relief.[8] For the following reasons, it is hereby recommended that the motions be **DENIED**.

Petitioner argues that he is entitled to relief under subsections (b) and (d) of Rule 60 of the Federal Rules of Civil Procedure. Subsection (b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

---

[4] Luna v. Cain, Civ. Action Nos. 03-3237 and 04-1453, 2006 WL 3469545 (E.D. La. Nov. 27, 2006); Rec. Docs. 53 and 54.

[5] Luna v. Cain, No. 06-31294 (5th Cir. Nov. 6, 2007); Rec. Doc. 68.

[6] Luna v. Cain, 552 U.S. 1301 (2008); Rec. Doc. 70.

[7] Rec. Docs. 74 and 85.

[8] Rec. Doc. 83.

>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Subsection (d), in pertinent part, provides: "This rule does not limit a court's power to ... set aside a judgment for fraud on the court." Fed.R.Civ.P. 60(d)(3).

The state argues that petitioner's motion is untimely. However, this Court can pretermit a determination on that issue because, for the following reasons, it is clear that petitioner's motion has no underlying merit *even if* it is timely. See, e.g., Crayton v. Cain, Civ. Action No. 02-2162, 2013 WL 5305673, at *2 (E.D. La. Sept. 19, 2013).

Although the reasoning of petitioner's motion is convoluted, his underlying premise is relatively simple: based on improprieties in his state court proceedings which first came to light in 2008, he should be relieved of this Court's 2006 judgment denying federal *habeas corpus* relief. Specifically, he refers to the improprieties which were exposed after the suicide of Jerrold Peterson, the former Central Staff Director of the Louisiana Fifth Circuit Court of Appeal. As the United States Fifth Circuit Court of Appeals has concisely observed:

>    Before his death, Peterson wrote a letter to the judges of the Louisiana Fifth Circuit where he accused them of instituting a policy to circumvent Louisiana's constitutional requirement of three judge panels with respect to pro se prisoner post-conviction writs by having such filings submitted to one judge or a staff member who would issue a ruling concerning the writ application without review by a three judge panel. See La. Const. art. V (each state Court of Appeal "shall sit in panels of at least three judges selected according to rules adopted by the court.").
>    After Peterson's allegations were made public, many state prisoners claimed that their rights had been violated by the court's

- 3 -

>procedures and sought relief from the Louisiana Supreme Court. In response, the Louisiana Fifth Circuit Court of Appeal unanimously adopted an en banc resolution where it asked the Louisiana Supreme Court to consider remanding those cases to it with direction that they be assigned to random three judge panels. State v. Cordero, 993 So.2d 203, 206 (La. 2008). In its decision, on a writ application filed by a prisoner affected by the alleged constitutional violations of the Louisiana Fifth Circuit Court of Appeal, the Louisiana Supreme Court adopted the court of appeal's resolution. Cordero, 993 So.2d at 205.

Severin v. Parish of Jefferson, 357 Fed. App'x 601, 603 (5th Cir. 2009).

Petitioner was one of the many prisoners impacted by the Cordero decision. He filed a petition seeking review by the Louisiana Supreme Court, and, on October 10, 2008, that application was transferred to the Louisiana Fifth Circuit Court of Appeal for consideration pursuant to Cordero.[9] On December 13, 2011, the Court of Appeal issued an opinion noting that, pursuant to Cordero, it had reconsidered its rulings on fifty-four writ applications filed by petitioner. However, on such reconsideration, the Court of Appeal held:

>[W]e have reviewed our rulings on all fifty-four (54) of relator's *pro se* writ applications filed with Court before May 21, 2007. Based on our current analysis, we conclude that there were no errors in the prior rulings of this Court. Accordingly, we remain with this Court's original dispositions in all fifty-four (54) of relator's previous *pro se* writ applications and deny relief in the instant Cordero writ application.[10]

---

[9] State *ex rel.* Luna v. State, 994 So.2d 14 (La. 2008).

[10] State *ex rel.* Luna v. State, No. 08-WR-1097, at pp. 53-54 (La. App. 5th Cir. Dec. 13, 2011). A complete copy of that decision is attached to petitioner's Rule 60 motion at pages 68-122 of Rec. Doc. 74-4.

- 4 -

Without assigning additional reasons, the Louisiana Supreme Court likewise denied relief on November 2, 2012.[11]

Petitioner now argues that, due to the foregoing improprieties in the Court of Appeal's initial review, his claims were not properly adjudicated by the state courts and so were unexhausted at the time this federal Court denied his *habeas corpus* petition in 2006. He opines that this Court should therefore grant him relief from the judgment dismissing his *habeas* claims with prejudice and instead enter an order dismissing his claims without prejudice as unexhausted.

However, petitioner's argument that the improprieties in the Louisiana Fifth Circuit Court of Appeal's procedures rendered his claims "unexhausted" for federal purposes has no relevance in this case. In the original Report and Recommendation issued in 2006, which was later adopted by Judge Beer, Magistrate Judge Moore noted:

> The State does not contest the timeliness of [petitioner's] claims, but does contest whether or not petitioner, with respect to some of his arguments supporting the above claims, has exhausted his state court remedies, as required under Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), and therefore, whether or not he is in procedural default with respect to said claims. However, under the provisions of 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *Accordingly, despite petitioner's alleged failure to exhaust his state court remedies with respect to particular arguments supporting some of his claims, this court shall, nevertheless, address these unexhausted arguments on the merits*.[12]

---

[11] State *ex rel.* Luna v. State, 98 So.3d 809 (La. 2012).

[12] Rec. Doc. 48 (emphasis added).

- 5 -

Accordingly, the judgment from which petitioner now seeks relief was *not* premised on a finding that petitioner's claims were exhausted; quite the contrary, the Court, as it was clearly authorized to do under federal law, expressly denied the claims on the merits *without considering exhaustion*. Therefore, neither the correctness nor the validity of that judgment would be affected *even if* the Court were to accept petitioner's dubious argument that the improprieties at the Louisiana Fifth Circuit Court of Appeal were sufficient to render his claims unexhausted for federal purposes.[13] Accordingly, petitioner has failed to establish that relief is warranted under Rule 60(b).

Petitioner's request for relief under Rule 60(d)(3) fares no better. As United States District Judge Lance M. Africk held in denying a similar Rule 60(d)(3) motion:

> The U.S. Fifth Circuit Court of Appeals has explained that while motions brought pursuant to Rule 60(b) are subject to a "reasonable time" requirement:
>
>> Rule 60(d)(3) functions as a saving clause: it allows courts to "set aside a judgment for fraud on the court" without a strict time bar. The standard for "fraud on the court" is, as a consequence, demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." Rozier

---

[13] However, in an abundance of caution, the undersigned takes care to note that petitioner's underlying argument has no merit. In federal *habeas corpus* proceedings, a claim is considered exhausted so long as a petitioner gave the state courts "the initial *opportunit*y to address, and if necessary, correct alleged deprivations of federal constitutional rights." Thomas v. Tanner, Civ. Action No. 10-1795, 2011 WL 4344605, at *5 (E.D. La. Aug. 23, 2011), adopted, 2011 WL 4345076 (E.D. La. Sept. 15, 2011). If the state courts were given a fair opportunity to consider a claim, the adequacy of their review of that claim simply is of no moment for exhaustion purposes. Id. Accordingly, the improprieties at the Louisiana Fifth Circuit Court of Appeal did not render claims presented to that court unexhausted for federal purposes, even if the state courts subsequently afforded *additional* review pursuant to Cordero.

> > v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace[s] ... the species of fraud which does or attempts to [ ] defile the court itself." Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir. 1989).
>
> > Jackson v. Thaler, 348 Fed. Appx. 29, 34 (5th Cir. 2009).
> > In this case, petitioner asserts that when this Court ruled on his habeas petition, it was unaware that the Louisiana Fifth Circuit had not properly considered his post-conviction application. However, even assuming that petitioner's state post-conviction application was not properly considered by the Louisiana Fifth Circuit, petitioner has failed to offer any evidence or otherwise demonstrate that any party in this case engaged in "an unconscionable plan or scheme ... designed to improperly influence the court in its decision." Id. Accordingly, the Court finds that petitioner is not entitled to relief pursuant to Rule 60(d)(3).
>
> Williams v. Cain, Civ. Action No. 04-2187, 2011 WL 2417108, at *3 (E.D. La. June 13, 2011). That same analysis is equally applicable to the instant case, and relief under Rule 60(d)(3) is not warranted.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that petitioner's motions for relief from judgment and for summary judgment, Rec. Docs. 74 and 85, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this fourteenth day of January, 2014.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.